# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:99-CR-60-6-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM |
| CARLOS RAY LANIER, ) | OF DECISION |
| ) | |
| Defendant. ) | |
| ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction to a period of confinement equal to 120 months (the statutory minimum) for the reasons set forth in the Supplement to the Presentence Report.

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. The full record before the Court reflects a defendant who has made some efforts to rehabilitate himself and to prepare for re-entry into society. Nevertheless, these efforts are

insufficient in the mind of the Court to overcome its misgivings about the premature release of this Defendant. Specifically, Lanier's lengthy and deep involvement in the drug conspiracy for which he was convicted began while he was serving a sentence for second-degree murder and befriended one of the leaders of the instant conspiracy. Furthermore, Defendant's disciplinary record from his current incarceration, which includes two citations for fighting and one for insolence, portends that he may not be ready to re-enter society and abide by the law.

4. Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds:

    a. That the original sentence of **140 months** is adequate, but no greater than necessary, to accomplish the objectives of sentencing, while a reduction would frustrate those objectives;[1] and

    b. This sentence is nevertheless below the amended guidelines range on account of the Defendant's prior substantial assistance to the government.

An appropriate Order shall issue separately.

                      Signed: November 24, 2008

                      Frank D. Whitney
                      United States District Judge

---

[1] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).